UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10962-RGS

ORBUSNEICH MEDICAL CO. LTD., BVI, and
ORBUSNEICH MEDICAL, INC.

v.

BOSTON SCIENTIFIC CORPORATION

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR SANCTIONS AND PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

March 7, 2011

STEARNS, D.J.

Plaintiffs OrbusNeich Medical Co. Ltd., BVI, and OrbusNeich Medical, Inc. (Orbus), and defendant Boston Scientific Corporation (BSC) manufacture and market medical devices, including luminal stents, which are used to treat coronary artery disease. Orbus's Third Amended Complaint alleges that BSC's Liberté brand products infringe three patents owned by Orbus. In addition, the Third Amended Complaint asserts two non-patent claims against BSC: breach of contract and breach of the implied covenant of good faith and fair dealing. On March 18, 2010, this court (Tauro, J.) granted in part and denied in part BSC's motion to dismiss. Dkt. 80.

Presently at issue are BSC's motion for sanctions, Dkt. 114, and Orbus's motion to compel production of documents and for sanctions, Dkt. 126. For the following

reasons, BSC's motion for sanctions, Dkt. 114, is DENIED. Orbus's motion to compel production of documents and for sanctions, Dkt. 126, is ALLOWED in part and DENIED in part.

Motions for sanctions have become a commonplace in patent litigation. They are casually attached to routine discovery motions in much the same way as Massachusetts business lawyers tack a Chapter 93A claim onto every cause of action no matter how routine. Sanctions are reserved for instances of egregious misconduct. They are appropriate in cases of witness intimidation, deliberate spoilation of evidence, the filing of perjurious pleadings, and instances of abusive and churlish behavior. The making of an erroneous or errant argument, even an irritating one (if indeed that is the case here), is not the right stuff for an award of sanctions under 28 U.S.C. § 1927. *See Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 245-246 (1st Cir. 2010) ("We have stated that section 1927 does not apply to '[g]arden-variety carelessness or even incompetence,' but instead requires that the 'attorney's actions . . . evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court.'" (citation omitted)). Because neither party's actions evince a studied disregard of the need for an orderly judicial process, the court will DENY the reciprocal motions for sanctions.

In response to Orbus's motion to compel production of documents, BSC argues

that Local Rule 26.2(a) requires re-service of initial disclosures and discovery requests upon transfer. Because Orbus has failed to re-serve its document requests, BSC contends that it was not obligated to continue producing documents. BSC's argument is not consistent with the cooperative spirit that the Local Rules urge. Here, BSC is picking and choosing among the same documents it seeks to deny Orbus to wield a sword in support of its motion for summary judgement. It should not simultaneously be permitted to use rule-based technicalities as an aegis. The court will <u>ALLOW</u> Orbus's motion to compel production of documents.

## ORDER

For the foregoing reasons, BSC's motion for sanctions is <u>DENIED</u>. Orbus's motion to compel production of documents is <u>ALLOWED</u>. Orbus's motion for sanctions is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE