UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10962-RGS

ORBUSNEICH MEDICAL CO. LTD., BVI, and
ORBUSNEICH MEDICAL, INC.

v.

BOSTON SCIENTIFIC CORPORATION

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

March 21, 2011

STEARNS, D.J.

Plaintiffs OrbusNeich Medical Co. Ltd., BVI, and OrbusNeich Medical, Inc. (Orbus), and defendant Boston Scientific Corporation (BSC), manufacture and market competing medical devices, including intravascular stents. Orbus alleges that BSC's Liberté stents infringe patents it owns. In addition, Orbus asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Presently before the court is BSC's motion for summary judgment on Orbus's non-patent claims. The court heard oral argument on March 18, 2011.

BACKGROUND[1]

---

[1] On a motion for summary judgment, the record is viewed in the light most favorable to the non-moving party. *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir. 1993).

In 2000 and 2001, Orbus executives met with BSC executives to discuss Orbus's stent technology and to explore the potential for a joint venture between the two companies. To facilitate these discussions, Orbus and BSC entered into a Confidential Disclosure Agreement (CDA) in July of 2000. Am. Compl.- Ex. A (CDA). Under the terms of the CDA, Orbus provided BSC with trade secrets on a confidential basis. BSC acquired no license or right to commercially use the confidential information for any purpose other than the evaluation of the prospective joint enterprise. Cottone Decl. ¶¶ 25, 34. The CDA contained a choice-of-law clause, which stated that "[t]his Agreement is governed by the laws of The Commonwealth of Massachusetts, USA, without regard for the conflicts of law provisions." CDA at 2.

Between 2000 and 2003, Orbus provided confidential information and proprietary stent samples to BSC pursuant to the CDA. Cottone Decl. ¶¶ 26-34; 60-71. BSC asserts that after testing and evaluating Orbus's samples, it "declined to pursue any business arrangement with Orbus." Def.'s Mem. at 13. In 2004, BSC released its Liberté brand stents into the marketplace. Pl.'s Opp'n Mem. at 2. Orbus alleges that BSC's Liberté stents incorporate its proprietary stent technology, which was misappropriated by BSC in breach of the CDA. Third Am. Compl. ¶¶ 32-38.

On March 16, 2009, Orbus filed a complaint in the United States District Court for the Eastern District of Virginia, asserting claims for patent infringement, breach of

contract, misappropriation of trade secrets, unjust enrichment, violation of Mass. Gen. Laws ch. 93A, and fraud and misrepresentation. Compl. ¶¶ 31-97. On April 13, 2009, BSC answered the Complaint and asserted affirmative defenses and counterclaims against Orbus. On the same day, BSC filed a motion to dismiss Orbus's non-patent claims and a motion to transfer venue. On May 28, 2009, the district court granted the request for a change of venue and transferred the case to the District of Massachusetts.

Following the transfer to this court, BSC filed an amended motion to dismiss the non-patent claims. On September 11, 2009, Orbus filed its First Amended Complaint. In response, BSC withdrew its motion to dismiss, but then filed it a third time, now before Judge Tauro. On March 18, 2010, Judge Tauro dismissed the unjust enrichment and fraud claims, but denied BSC's motion to dismiss all other non-patent claims, deciding that there was "no basis on which to conclude that Orbus'[s] claims are untimely under the discovery rule." Mem. and Order on Def.'s Mot. to Dismiss (March 18, 2010 Order) at 17.[2]

---

[2] Judge Tauro ruled that in light of the choice-of-law provision in the CDA, the court "must apply Massachusetts statutes of limitations to Orbus'[s] claims." March 18, 2010 Order at 12. BSC argues that this holding was erroneous because under Virginia law, a choice-of-law provision does not displace procedural law, such as statutes of limitations. Def.'s Mem. at 15 n.3, citing *Lewis v. Gupta*, 54 F. Supp. 2d 611, 616 (E.D. Va. 1999) ("[T]he applicable statute of limitations and its associated tolling provisions are procedural matters governed by the law of the forum state, namely Virginia."). However, Massachusetts has "departed from the traditional rule

3

Orbus filed its Second Amended Complaint in April of 2010. On May 13, 2010, BSC responded with answers, affirmative defenses, and counterclaims, denying that it had misused Orbus's confidential information in the development of the Liberté stent platform. On October 1, 2010, BSC sought leave to file a motion for summary judgment prior to the deadline for dispositive motions. This court granted the motion on October 22, 2010.[3]

On December 2, 2010, BSC filed the instant motion, arguing that all of Orbus's non-patent claims (breach of contract, breach of the implied covenant of good faith and fair dealing, trade secret misappropriation, violation of Mass. Gen. Laws ch. 93A, and unfair competition) should be dismissed as time-barred under the applicable statutes

---

of law that characterized limitations statutes as procedural and automatically applied the statute of limitations of the forum State," and "adopted instead a functional approach that treats the issue as a choice of law question, as stated in the Restatement (Second) of Conflict of Laws § 142." *Nierman v. Hyatt Corp.*, 441 Mass. 693, 695 (2004); *New England Tel. & Tel. Co. v. Gourdeau Constr. Co., Inc.*, 419 Mass. 658, 663-664 (1995) (following Restatement (Second) of Conflict of Laws § 142 and applying Massachusetts's six-year statute of limitations to a contract claim, rather than New Hampshire's three-year statute of limitations, based on the significant relationship test). Here, where Massachusetts has a more significant relationship to the parties and the claims, the court will apply the Massachusetts six-year statute of limitations. In any case, even if the court were to apply Virginia's five-year statute of limitations for contract claims, there remains a genuine dispute of material fact as to whether Orbus knew or should have known of its claims against BSC before March 16, 2004.

[3] The case was transferred from Judge Tauro's session to this session on April 6, 2010.

limitations. On February 2, 2011, Orbus filed its Third Amended Complaint, withdrawing the state-law tort claims (misappropriation of trade secrets, violation of Mass. Gen. Laws ch. 93A, and unfair competition). Accordingly, the court will address only the two remaining non-patent claims (breach of contract and breach of the implied covenant of good faith and fair dealing).[4]

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no

---

[4] BSC argues that the court should grant its motion for summary judgment with respect to all non-patent claims asserted in the Second Amended Complaint, and dismiss them with prejudice, even though Orbus has withdrawn the state-law tort claims. BSC contends that "Orbus should not be permitted to withdraw admittedly untimely claims in a manner that would deprive BSC of the right to have the claims against it fully and finally decided." Def.'s Reply Mem. at 1 n.1. However, because the Third Amended Complaint supersedes all prior complaints, the court's consideration is limited to the non-patent claims raised in the Third Amended Complaint (breach of contract and breach of the implied covenant of good faith and fair dealing). *See Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n.2 (1st Cir. 2007) (noting that the court does not consider claims raised in plaintiff's initial complaint that were not restated in its amended complaint); *Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003) (noting that "[Plaintiff's] amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case."); 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 1476 (3d ed. 2010) (same). If, on the other hand, time were to prove that Orbus had only withdrawn the state-law tort claims as a tactical maneuver, with the view of resuscitating them at a more opportune moment, it is unlikely that the court would be inclined to grant Orbus leave to amend the complaint yet again.

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-250 (1986). The moving party bears the burden of establishing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

In support of its motion for summary judgment, BSC argues that Orbus's non-patent claims are barred by the relevant statutes of limitations. Under Massachusetts law, claims arising in contract (including claims for breach of the implied covenant of good faith and fair dealing) are subject to a six-year statute of limitations. Mass. Gen. Laws ch. 260, § 2; *see also Nortek, Inc. v. Liberty Mut. Ins. Co.*, 65 Mass. App. Ct. 764, 768 (2006). BSC contends that Orbus knew or should have known that its contract claims had accrued prior to March 16, 2003 (six years before Orbus filed its initial complaint in this action).

The statute of limitations is an affirmative defense on which defendants bear the initial burden of proof. *See Coastal Oil New England, Inc. v. Citizens Fuels Corp.*, 38 Mass. App. Ct. 26, 29 n.3 (1995). Under the Massachusetts "discovery rule," the statute of limitations is tolled as a matter of fairness when a plaintiff has been injured

6

by an "inherently unknowable" wrong. *See Flynn v. Associated Press*, 401 Mass. 776, 781 (1988). The "inherently unknowable" standard is used interchangeably with the "knew or should have known" standard. *Szymanski v. Boston Mut. Life Ins. Co.*, 56 Mass. App. Ct. 367, 371 (2002). "The discovery rule starts a limitations period running when events occur or facts surface which would cause a reasonably prudent person to become aware that he or she had been harmed." *Felton v. Labor Relations Comm'n*, 33 Mass. App. Ct. 926, 928 (1992). At that point, the statute begins to run even if the plaintiff does not know the full extent of its injuries. *Bowen v. Eli Lilly & Co.*, 408 Mass. 204, 207 (1990), citing *Olsen v. Bell Tel. Labs., Inc.*, 388 Mass. 171, 175 (1983).

"[T]he question when a plaintiff knew or should have known of his cause of action is one of fact which in most instances will be decided by the trier of fact." *Riley v. Presnell*, 409 Mass. 239, 240 (1991); *see also Young v. Lepone*, 305 F.3d 1, 12 (1st Cir. 2002) ("[I]t is a jury question as to whether [plaintiff] acted with reasonable diligence."); *Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 633 (1st Cir. 1990) ("The determination of when appellees had knowledge of 'both the injury and its connection with the act of defendant,' is a question of fact."); *Lawson v. Affirmative Equities Co., L.P.*, 341 F. Supp. 2d 51, 68 (D. Mass. 2004) ("Whether a plaintiff knew or should have known of an injury so as to trigger the running of a statute of limitations

7

is, with rare exception, a jury issue."). When, however, "the facts are undisputed, the issue may be decided as a matter of law." *Khatchatourian v. Encompass Ins. Co. of Mass.*, 78 Mass. App. Ct. 53, 57 (2010).

In support of its contention that Orbus knew or should have known of its breach of contract claims against BSC prior to March 16, 2003, BSC cites the following pieces of evidence: (1) excerpts from Orbus documents suggesting that Orbus considered BSC a competitor and monitored its stent program prior to 2003; (2) a BSC patent application (the '208 patent application) that allegedly incorporated Orbus's designs and which was published by the U.S. Patent and Trademark Office in July of 2002; (3) images and descriptions of the Liberté stent, which allegedly incorporated Orbus's designs, which were presented during an industry conference in September of 2002 and during a webcast for financial analysts in January of 2003; and (4) BSC's 2002 Annual Report, which included a full-page, color image of the Liberté stent.[5] BSC argues that these publications and presentations were sufficient to put Orbus on notice of any alleged violation of its confidences. *See* Def.'s Mem. at 5-6.

---

[5] BSC claims that its 2002 Annual Report was published "[i]n or around March 2003." Def.'s Mem. at 8. However, Orbus alleges that the 2002 Annual Report was not publicly disseminated until April of 2003 (which falls within the six-year statute of limitations period). *See* Lafuente Decl. ¶¶ 6-7. Thus, there is a dispute of material fact as to whether Orbus had access to BSC's 2002 Annual Report prior to March 16, 2003.

8

In support of this argument, BSC cites cases imputing constructive knowledge of claims where a competitor engages in "conspicuous activities of potential infringement." *Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998); *see also Hall v. Aqua Queen Mfg., Inc.*, 93 F.3d 1548, 1553 (Fed. Cir. 1996); *Patterson v. United States*, 451 F.3d 268, 271 (1st Cir. 2006); *Rakes v. United States*, 442 F.3d 7 (1st Cir. 2006). However, these cases are distinguishable from the present case in that they involved competitors engaged in widespread publicity and advertising, in contrast to BSC's limited dissemination of images of prototypes of the Liberté stent (which was still under development in 2003).

The court has previously noted that "BSC alleges nothing which would suggest that Orbus had any reason to suspect a potential misappropriation of its confidential information, such that it was under a duty to investigate the contents of BSC's published patent applications or annual report." March 18, 2010 Order at 17. This finding remains true today. BSC has not provided evidence that establishes: (1) that Orbus was under a duty to investigate BSC's patent applications, reports, and presentations (or had a practical means of doing so); (2) that Orbus substantively reviewed the images contained in BSC's patent applications, reports, and presentations; or (3) that a review of these images (if it had occurred) would have been sufficient to

9

put Orbus on notice of its contract claims against BSC.[6] Thus, BSC has failed to prove as a matter of law that Orbus knew or should have known, prior to March 16, 2003, that BSC had misappropriated Orbus's confidential information in breach of the CDA.

In addition to its discovery rule argument, Orbus contends that there are disputed issues of fact as to whether the statute of limitations should be tolled based on fraudulent concealment by BSC or the existence of a fiduciary relationship between Orbus and BSC. A statute of limitations may be equitably tolled if a defendant is shown to have concealed the existence of the cause of action through an affirmative act done with the intent to deceive. *See* Mass. Gen. Laws ch. 260, § 12; *Patsos v. First Albany Corp.*, 433 Mass. 323, 328-329 (2001). Moreover, where a fiduciary relationship does exist, a failure to affirmatively and adequately disclose facts that would give rise to knowledge of the cause of action constitutes fraudulent concealment

---

[6] Orbus notes that as of March 16, 2003, BSC's Liberté stent was still in development and was not yet available on the market. Thus, Orbus did not have a sample of the Liberté stent to inspect. Orbus claims that even if it had reviewed images of the Liberté stent, the two-dimensional conceptual drawings published by BSC would have been insufficient to place it on notice that BSC had utilized its confidential information in the development and design of the Liberté stents. *See* Pl.'s Opp'n Mem. at 14-15. Orbus argues that stent design involves complex geometric structures and mechanical properties that are not easily recognized in a two-dimensional rendering. Orbus also notes that it continued to provide BSC with proprietary information under the CDA until late 2003, strongly suggesting that it was neither suspicious of BSC, nor aware of any potential breaches of the CDA. *Id.* at 16; Cottone Decl. ¶¶ 56-71.

for purposes of tolling the statute of limitations. *Demoulas v. Demoulas Super Mkts., Inc.*, 424 Mass. 501, 519 (1997). Under such circumstances, the limitations period is tolled until the plaintiff actually becomes aware of the operative facts underlying the cause of action. *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 242 (1st Cir. 2005). Orbus alleges that it was owed such a duty, given the confidences it had reposed in BSC.

Judge Tauro previously found that the "publication of the '208 [patent] Application belies the claim that BSC intended to conceal their alleged use of Orbus'[s] confidential information. This is sufficient to defeat a claim of equitable tolling due to fraudulent concealment, absent some factual allegations that BSC engaged in an affirmative act post-publication to prevent Orbus from discovering the contents of the '208 [patent] Application." March 18, 2010 Order at 14. Judge Tauro similarly rejected Orbus's claim that the CDA gave rise to a fiduciary relationship between Orbus and BSC. *Id.* at 14-15.

Orbus now argues that because discovery is in its early stages, pursuant to Fed. R. Civ. P. 56(d) (formerly 56(f)),[7] the court should defer any ultimate finding on equitable tolling, because the relevant information remains within BSC's exclusive

---

[7] *See* Fed. R. Civ. P. 56, Notes on 2010 Amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

possession. *See* Nealon Rule 56(d) Decl. ¶¶ 4-13. The court agrees, particularly given its finding that the discovery rule precludes a grant of summary judgment at this time.[8]

ORDER

For the foregoing reasons, BSC's motion for summary judgment is <u>DENIED</u> without prejudice.

SO ORDERED.

s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[8] It must be noted that Judge Tauro's rejection of Orbus's fraudulent concealment and fiduciary relationship arguments occurred in the context of a motion to dismiss. "A ruling denying a motion to dismiss is not the law of the case, and is not final even in the district court." *Commerce Oil Ref. Corp. v. Miner*, 303 F.2d 125, 128 (1st Cir. 1962). The court does not rule out the possibility that if by the time of trial Orbus has gathered evidence to buttress these arguments, a reasonable jury might find fraudulent concealment and/or the existence of a fiduciary relationship between the parties. *See, e.g.*, *Patsos*, 433 Mass. at 336-337 (holding that an investor's allegations created genuine issues of material fact as to the existence of a fiduciary relationship between the investor and a broker-dealer).