## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ORBUSNEICH MEDICAL CO. LTD., BVI | ) | |
| | ) | |
| And | ) | |
| | ) | **No. 1:09-cv-10962 (RGS)** |
| ORBUSNEICH MEDICAL, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| BOSTON SCIENTIFIC CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## BOSTON SCIENTIFIC CORPORATION'S FIRST AMENDED AND SUPPLEMENTED

## PRELIMINARY NON-INFRINGEMENT AND INVALIDITY CONTENTIONS

Pursuant to the Court's Order dated September 22, 2011, defendant Boston Scientific Corporation ("BSC") discloses the following First Amended And Supplemented Preliminary Non-Infringement and Invalidity Contentions for the asserted claims of U.S. Patent Nos. 6,821,292 (the "'292 patent"), 7,329,277 (the "'277 patent"), 7,682,384 (the "'384 patent"), 7,942,922 (the "'922 patent"), and 7,967,852 (the "'852 patent").[1]

BSC's discovery and investigation in connection with this lawsuit are continuing, and, thus, these disclosures are based on information obtained to date.  In particular, BSC's First Amended And Supplemented Preliminary Non-Infringement and Invalidity Contentions are based in whole or in part on its present understanding of the positions of Plaintiffs OrbusNeich Medical Co., Ltd, BVI, and OrbusNeich Medical, Inc. (together, "Orbus") concerning the scope and construction of the asserted claims to the extent those positions can be deduced from Orbus' First Amended Preliminary Infringement Contentions, Plaintiffs' Supplement To Its Preliminary Infringement Contentions, Plaintiff's Opening Claim Construction Brief filed January 10, 2011, and the limited support identified in those documents.  BSC's First Amended And Supplemented Preliminary Non-Infringement and Invalidity Contentions set forth below and in the attached exhibits are subject to modification, amendment, or supplementation, as discovery and investigation proceed, and to the extent that Orbus is permitted to change or clarify its positions.

In the absence of claim construction rulings, the contentions below and in the attached Exhibits are made in the alternative, are not intended to be consistent with one another, and should not be otherwise construed.  Further, by including prior art that would be anticipatory or obvious-rendering based on the scope or construction apparently applied by Orbus to the asserted claims, BSC's First Amended And Supplemented Preliminary Non-Infringement and Invalidity Contentions are not, and should in no way be seen as adoptions or admissions as to the propriety of that scope or construction.  Moreover, BSC reserves the right to modify, amend, or

---

[1]   The Court's Orders dated June 14, 2010 and September 22, 2011 permit supplementation of these contentions up to 30 days after the claim construction hearing.  Accordingly, BSC submits herewith amended and supplemental contentions with respect to the '292, '277, and '384 patents.

supplement these disclosures in light of the Court's claim construction rulings and to the full extent consistent with the Local Rules, particularly as Orbus has yet to produce a number of requested documents and/or respond to interrogatories that may be relevant to the following disclosures.

## I.      NON-INFRINGEMENT

Based on Orbus' First Amended Preliminary Infringement Contentions, it appears that claims 31, 32, and 33 of the '277 patent, claims 1, 2, 3, 6, 8, 9, 10, 11, and 13 of the '292 patent, claims 1, 12, 13, 18, 19, 20, 21, 22, and 23 of the '384 patent, claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, and 20 of the '922 patent, and claims 1, 2, 3, 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 of the '852 patent are asserted in this lawsuit.  Exhibits A, B, C, D, and E set forth BSC's First Amended And Supplemented Preliminary Non-Infringement Contentions.  These Contentions are made in light of the infringement theories set forth in Orbus' First Amended Preliminary Infringement Contentions (to the extent those theories are understandable) and its Supplemental Preliminary Infringement Contentions.  Orbus has not alleged in its First Amended Preliminary Infringement Contentions or its Supplemental Preliminary Infringement Contentions that BSC has indirectly infringed the asserted claims.  BSC reserves the right to modify and/or supplement its First Amended And Supplemented Preliminary Non-Infringement Contentions to the extent Orbus is permitted to change its positions or theories in this case and/or as discovery progresses.  BSC further objects to Orbus' infringement contentions as to all patents to the extent they are based on stents or stent configurations not made, used, sold, and/or offered for sale by BSC, *e.g.*, stent that are not in the crimped state.  Further, BSC objects to Orbus' infringement contentions as to all patents to the extent those contentions do not indicate the size of stent against which the claims are asserted; to that extent BSC is unable to determine which of the product that it sells is actually accused.

## II.        IDENTIFICATION OF PRIOR ART

Each of the asserted claims is anticipated or rendered obvious by the prior art references listed in Exhibit F.

## III.       ANTICIPATION AND OBVIOUSNESS

Because Orbus' First Amended Preliminary Infringement Contentions lack sufficient information as to how each element of the asserted claims is found in the allegedly infringing product, BSC cannot specify precisely how the elements of the asserted claims are taught by prior art references (or products).  BSC's First Amended And Supplemented Preliminary Invalidity Contentions are based on BSC's present understanding of Orbus' infringement theories and on Orbus' interpretations of the asserted claims (to the extent those theories and interpretations are understandable), and are therefore set forth under the assumption that the asserted claims have been found to cover the accused Liberté and/or Element stents as asserted in Orbus's First Amended Preliminary Infringement Contentions and Orbus' Supplemental Preliminary Infringement Contentions.  Subject to the foregoing, the references identified in Exhibits G, H, I, J, and K would anticipate and/or render obvious (alone or in combination) the asserted claims.  Some specific examples of anticipatory references, depending on the manner in which the asserted claims will be construed, are as follows:

### The '277 Patent

Claim 31 of the '277 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;
- Von Oepen '554;
- Von Oepen '671;
- Thompson '460;
- Thompson '810;
- Roussigne '660;
- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 31 as shown in Exhibit G.

Claim 32 of the '277 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 32 as shown in Exhibit G.

Claim 33 of the '277 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 33 as shown in Exhibit G.

Any references set forth in Exhibit F not identified above are relevant to the inquiry of obviousness.  To the extent that any of the prior art references listed above is deemed not to be anticipatory of the asserted '277 claims, the asserted claims would nevertheless be obvious in view of such prior art, alone or in combination with any of the other references listed above or in Exhibit E or identified in the specification or file history of the '277 patent (and any related U.S. and foreign patents and patent applications).

The motivation to modify or combine these references may be found in the knowledge of one of ordinary skill in the art, the nature of the problem to be solved, and/or in the prior art references themselves.  Specifically, one of ordinary skill in the art would have been motivated to combine the references listed above or any of the other references listed on Exhibit G together with any of the other references listed on Exhibit G as such references pertain, generally, to the design, delivery, and/or use of a stent.  Thus to the extent that any of the anticipatory prior art references listed above or the references cited on Exhibit G is deemed not to include any of the features of the asserted claims, it would have been obvious to the skilled person to include them or the skilled person would have been motivated to combine such a given prior art reference with one or more of the above references disclosing such features.

**The '292 Patent**

Claim 1 of the '292 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Ley '020;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 1 as shown in Exhibit H.

Claim 12 of the '292 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

6

- Wolinsky '189;

- Ley '020;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 12 as shown in Exhibit H.

Claim 13 of the '292 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Ley '020;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 13 as shown in Exhibit H.

Claim 18 of the '292 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Ley '020;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 18 as shown in Exhibit H.

Claim 19 of the '292 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Ley '020;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 19 as shown in Exhibit H.

Claim 20 of the '292 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Ley '020;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 20 as shown in Exhibit H.

Claim 21 of the '292 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Ley '020;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 21 as shown in Exhibit H.

Claim 22 of the '292 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Ley '020;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 22 as shown in Exhibit H.

Claim 23 of the '292 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Ley '020;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 23 as shown in Exhibit H.

Any references set forth in Exhibit F not identified above are relevant to the inquiry of obvious.  To the extent that any of the prior art references listed above is deemed not to be anticipatory of the asserted '292 claims, the asserted claims would nevertheless be obvious in view of such prior art, alone or in combination with any of the other references listed above or in Exhibit H or identified in the specification or file history of the '292 patent (and any related U.S. and foreign patents and patent applications).

The motivation to modify or combine these references may be found in the knowledge of one of ordinary skill in the art, the nature of the problem to be solved, and/or in the prior art references themselves.  Specifically, one of ordinary skill in the art would have been motivated to combine the references listed above or any of the other references listed on Exhibit H together with any of the other references listed on Exhibit H as such references pertain, generally, to the design, delivery, and/or use of a stent.  Thus to the extent that any of the anticipatory prior art references listed above or the references cited on Exhibit H is deemed not to include any of the features of the asserted claims, it would have been known and obvious to the skilled person to include them or the skilled person would have been motivated to combine such a given prior art reference with one or more of the above references disclosing such features.

**The '384 Patent**

Claim 1 of the '384 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 1 as shown in Exhibit I.

Claim 2 of the '384 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Lombardi '314; and
- prior art and/or devices that satisfy all the elements of claim 2 as shown in Exhibit I.

Claim 3 of the '384 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;
- Von Oepen '554;
- Von Oepen '671;
- Thompson '460;
- Thompson '810;
- Roussigne '660;
- Gray '406;
- Crown and Microcrown stents;
- Wolinsky '189;
- Lombardi '314; and
- prior art and/or devices that satisfy all the elements of claim 3 as shown in Exhibit I.

Claim 6 of the '384  patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;
- Von Oepen '554;
- Von Oepen '671;
- Thompson '460;
- Thompson '810;
- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 6 as shown in Exhibit I.


Claim 8 of the '384 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 6 as shown in Exhibit I.


Claim 9 of the '384 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 9 as shown in Exhibit I.

Claim 10 of the '384 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;

- Von Oepen '554;

- Von Oepen '671;

- Thompson '460;

- Thompson '810;

- Roussigne '660;

- Gray '406;

- Crown and Microcrown stents;

- Wolinsky '189;

- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 10 as shown in Exhibit I.

Claim 11 of the '384 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;
- Von Oepen '554;
- Von Oepen '671;
- Thompson '460;
- Thompson '810;
- Roussigne '660;
- Gray '406;
- Crown and Microcrown stents;
- Wolinsky '189;
- Lombardi '314; and
- prior art and/or devices that satisfy all the elements of claim 11 as shown in Exhibit I.

.

Claim 13 of the '384 patent is anticipated by at least the following prior art references and/or devices:

- Von Oepen '611;
- Von Oepen '554;
- Von Oepen '671;
- Thompson '460;
- Thompson '810;
- Roussigne '660;
- Gray '406;
- Crown and Microcrown stents;
- Wolinsky '189;
- Lombardi '314; and

- prior art and/or devices that satisfy all the elements of claim 13 as shown in Exhibit I.

Any references set forth in Exhibit F not identified above are relevant to the inquiry of obvious.  To the extent that any of the prior art references listed above is deemed not to be anticipatory of the asserted '384 claims, the asserted claims would nevertheless be obvious in view of such prior art, alone or in combination with any of the other references listed above or in Exhibit I or identified in the specification or file history of the '384 patent (and any related U.S. and foreign patents and patent applications).

The motivation to modify or combine these references may be found in the knowledge of one of ordinary skill in the art, the nature of the problem to be solved, and/or in the prior art references themselves.  Specifically, one of ordinary skill in the art would have been motivated to combine the references listed above or any of the other references listed on Exhibit I together with any of the other references listed on Exhibit I as such references pertain, generally, to the design, delivery, and/or use of a stent.  Thus to the extent that any of the anticipatory prior art references listed above or the references cited on Exhibit I is deemed not to include any of the features of the asserted claims, it would have been known and obvious to the skilled person to include them or the skilled person would have been motivated to combine such a given prior art reference with one or more of the above references disclosing such features.

### The '922 Patent

Claim 1 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 1 as shown in Exhibit J.

Claim 2 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 2 as shown in Exhibit J.

Claim 3 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 3 as shown in Exhibit J.

Claim 4 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 4 as shown in Exhibit J.

Claim 5 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 5 as shown in Exhibit J.

Claim 6 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 6 as shown in Exhibit J.

Claim 7 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Roussigne '660;

- prior art and/or devices that satisfy all the elements of claim 7 as shown in Exhibit J.

Claim 8 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 8 as shown in Exhibit J.

Claim 9 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 9 as shown in Exhibit J.

Claim 10 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 10 as shown in Exhibit J.

Claim 11 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 11 as shown in Exhibit J.

Claim 12 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 12 as shown in Exhibit J.

Claim 13 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Thompson '461;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 13 as shown in Exhibit J.

Claim 14 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;
- Roussigne '660;
- prior art and/or devices that satisfy all the elements of claim 14 as shown in Exhibit J.

Claim 16 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Thompson '461;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 16 as shown in Exhibit J.

Claim 17 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Thompson '461;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 17 as shown in Exhibit J.

Claim 18 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Thompson '461;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 18 as shown in Exhibit J.

Claim 19 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 19 as shown in Exhibit J.

Claim 20 of the '922 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Roussigne '660;

- prior art and/or devices that satisfy all the elements of claim 20 as shown in Exhibit J.

Any references set forth in Exhibit F not identified above are relevant to the inquiry of obvious.  To the extent that any of the prior art references listed above is deemed not to be anticipatory of the asserted '922 claims, the asserted claims would nevertheless be obvious in view of such prior art, alone or in combination with any of the other references listed above or in Exhibit J or identified in the specification or file history of the '922 patent (and any related U.S. and foreign patents and patent applications).  In addition, BSC incorporates by reference the invalidity contentions set forth in Exhibit J as if fully set forth herein.

The motivation to modify or combine these references may be found in the knowledge of one of ordinary skill in the art, the nature of the problem to be solved, and/or in the prior art references themselves, including as described in Exhibit J.  Specifically, one of ordinary skill in the art would have been motivated to combine the references listed above or any of the other references listed on Exhibit J together with any of the other references listed on Exhibit j as such references pertain, generally, to the design, delivery, and/or use of a stent.  Thus to the extent that any of the anticipatory prior art references listed above or the references cited on Exhibit J is deemed not to include any of the features of the asserted claims, it would have been known and obvious to the skilled person to include them or the skilled person would have been motivated to combine such a given prior art reference with one or more of the above references disclosing such features.

**The '852 Patent**

Claim 1 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 1 as shown in Exhibit K.


Claim 2 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 2 as shown in Exhibit K.


Claim 3 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 3 as shown in Exhibit K.

Claim 4 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 4 as shown in Exhibit K.

Claim 5 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Thompson '461;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 5 as shown in Exhibit K.

Claim 6 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 6 as shown in Exhibit K.

Claim 7 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Roussigne '660;

- Von Oepen '671;prior art and/or devices that satisfy all the elements of claim 7 as shown in Exhibit K.

Claim 9 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Roussigne '660;

- prior art and/or devices that satisfy all the elements of claim 9 as shown in Exhibit K.

Claim 11 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 11 as shown in Exhibit K.

Claim 12 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 12 as shown in Exhibit K.

Claim 13 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 13 as shown in Exhibit K.

Claim 14 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Thompson '461;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 14 as shown in Exhibit K.

Claim 15 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;
- Brown '848;
- Sabaria '806;
- Roussigne '660;
- Von Oepen '671;
- prior art and/or devices that satisfy all the elements of claim 15 as shown in Exhibit K.

Claim 16 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 16 as shown in Exhibit K.

Claim 17 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Roussigne '660;

- prior art and/or devices that satisfy all the elements of claim 17 as shown in Exhibit K.

Claim 18 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 18 as shown in Exhibit K.

Claim 19 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 19 as shown in Exhibit K.

Claim 20 of the '852 patent is anticipated by at least the following prior art references and/or devices:

- Prov'l '688;

- Brown '848;

- Sabaria '806;

- Thompson '461;

- Roussigne '660;

- Von Oepen '671;

- prior art and/or devices that satisfy all the elements of claim 20 as shown in Exhibit K.

Any references set forth in Exhibit F not identified above are relevant to the inquiry of obvious.  To the extent that any of the prior art references listed above is deemed not to be

anticipatory of the asserted '852 claims, the asserted claims would nevertheless be obvious in view of such prior art, alone or in combination with any of the other references listed above or in Exhibit K or identified in the specification or file history of the '852 patent (and any related U.S. and foreign patents and patent applications). In addition, BSC incorporates by reference the invalidity contentions set forth in Exhibit K as if fully set forth herein.

The motivation to modify or combine these references may be found in the knowledge of one of ordinary skill in the art, the nature of the problem to be solved, and/or in the prior art references themselves, including as described in Exhibit K. Specifically, one of ordinary skill in the art would have been motivated to combine the references listed above or any of the other references listed on Exhibit K together with any of the other references listed on Exhibit K as such references pertain, generally, to the design, delivery, and/or use of a stent. Thus to the extent that any of the anticipatory prior art references listed above or the references cited on Exhibit K is deemed not to include any of the features of the asserted claims, it would have been known and obvious to the skilled person to include them or the skilled person would have been motivated to combine such a given prior art reference with one or more of the above references disclosing such features.

## IV.   INVALIDITY BASED ON 35 U.S.C. § 112

### A.   The '277 Patent

The asserted claims are invalid under 35 U.S.C. § 112 as indefinite because the language "helical segments" fails to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '277 patent lacks written description and/or fails to enable the full scope of the "first circumferential segments" and "second circumferential segments" claim terms, as construed by Orbus. The '277 patent provides no description of the structures alleged to be first and second circumferential segments in the accused Liberte stent.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '277 patent lacks written description and/or fails to enable the full scope of "a plurality of expandable helical segments that comprise (a) expandable circumferential segments each having a single substantially S-shaped portion and (b) substantially H-shaped connecting segments," as construed by Orbus.  The '277 patent only discloses a stent in which the helical segments consist of the same "single substantially S-shaped portion" alternating with the same, repeating "substantially H-shaped connecting segments" having the same orientation.  The '277 patent contains no description of helical segments in which alleged circumferential segments alternate with connecting segments having different orientations, as Orbus alleges exists in the accused Liberte stent.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '277 patent lacks written description and/or fails to enable the full scope of "the first and second pluralities of circumferential segments are joined to each other by the connecting-segment portions of the helical segments, thereby forming the cylindrical element," as construed by Orbus.  The '277 patent only discloses a stent in which the first and second circumferential segments are joined by the same, repeating "substantially H-shaped connecting segments" having the same orientation.  The '277 patent contains no description of a stent in which alleged first and second circumferential segments are joined by connecting segments having different orientations, as Orbus alleges exists in the accused Liberte stent.

### B.    The '384 Patent

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '384 patent lacks written description and/or fails to enable the full scope of the "first circumferential segments" and "second circumferential segments" claim terms, as construed by Orbus.  The '384 patent provides no description of the structures alleged to be first and second circumferential segments in the accused Liberte stent.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '384 patent lacks written description and/or fails to enable the full scope of "a plurality of

expandable helical segments that comprise (a) expandable circumferential segments each having a single substantially S-shaped portion and (b) substantially H-shaped connecting segments," as construed by Orbus.  The '384 patent only discloses a stent in which the helical segments consist of the same "single substantially S-shaped portion" alternating with the same, repeating "substantially H-shaped connecting segment" in the same orientation.  The '384 patent contains no description of helical segments in which alleged circumferential segments alternate with connecting segments having different orientations, as Orbus alleges exists in the accused Liberte stent.

Claims 1, 2, and 3 are invalid under 35 U.S.C. § 112 as indefinite because the language "helical segments" and "each cylindrical element bounded by an upper plane and a lower plane" fail to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

Claims 6, 8, 9, 10, 11, and 13 are invalid under 35 U.S.C. § 112 as indefinite because the language "helical segments" and "each cylindrical element forming a closed cylindrical ring defining an upper planar boundary and a lower planar boundary" fail to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

### C.        The '292 Patent

Claim 1 is invalid under 35 U.S.C. § 112 as indefinite because the language "helical segments" and "a portion of one of the first helical segments and a portion of another of the first helical segments nestle between a portion of one second helical segment and a portion of another second helical segment" fail to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

Claims 12 and 13 are invalid under 35 U.S.C. § 112 as indefinite because the language "helical segments" fails to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

Claim 13 is invalid under 35 U.S.C. § 112 as indefinite because the language "portions of two first expandable elements nestle between a portion of one of the second expandable elements

and a portion of another second expandable element" to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

Claims 18 is invalid under 35 U.S.C. § 112 as indefinite because the language "helical segments" and "wherein at least a portion of one helical segment nestles between two other helical segments when the stent is crimped" fail to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

Claims 19, 20, and 21 is invalid under 35 U.S.C. § 112 as indefinite because the language "helical segments" and "at least one helical segment having . . . a second portion that nestles between two other helical segments" fail to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

Claim 21 is invalid under 35 U.S.C. § 112 because the specification fails to provide adequate written description for the claimed invention.  In particular, the specification does not convey with reasonable clarity to one skilled in the art that the alleged inventors were in possession of a stent design "wherein the stent, in its expanded state, has a stent to vessel ratio greater than approximately 15%."  Claim 21 is also invalid under 35 U.S.C. § 112 because the specification fails to provide an enabling description.  In particular, the specification does not teach one skilled in the art how to make and use, without undue experimentation, "wherein the stent, in its expanded state, has a stent to vessel ratio greater than approximately 15%."

Claims 22 and 23 are invalid under 35 U.S.C. § 112 as indefinite because the language "when the stent is crimped at least a portion of one of the first elements nestles between portions of two second elements" fails to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

### D.      The '922 Patent

BSC incorporates by reference as if expressly set forth herein the discussions in Exhibit J regarding priority and/or the disclosure of the '922 patent.

The asserted claims are invalid under 35 U.S.C. § 112 as indefinite because the language "helical segments" fails to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '922 patent lacks written description and/or fails to enable the full scope of the "connecting elements" or "connecting segments" claim term, as construed by Orbus.  The '922 patent provides no description of interconnectors of the kind found in the accused Element stent.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '922 patent lacks written description and/or fails to enable a stent in which "first helical segments" consist of or include "first circumferential segments" and "second helical segments" consist of or include "second circumferential segments."  The '922 patent only describes first helical segments being composed of or including second circumferential segments and second helical segments being composed of or including first circumferential segments.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '922 patent lacks written description and/or fails to enable the full scope of the "first circumferential segments" and "second circumferential segments" claim terms, as construed by Orbus.  The '922 patent provides no description of the structures alleged to be first and second circumferential segments in the accused Element stent.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '922 patent lacks written description and/or fails to enable the full scope of "first circumferential segments …including five linear struts (or segments)" and "second circumferential segments …including three linear struts (or segments)," as those terms are construed by Orbus.  The '922 patent only discloses a stent in which the first circumferential segments contain exactly five linear struts or segments and the second circumferential segments contain exactly three linear struts or segments.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '922 patent lacks written description and/or fails to enable the full scope of "alternating with a

plurality of the connecting elements," as construed by Orbus.  The '922 patent only discloses a stent in which the circumferential segments in helical segments alternate with the same, repeating connecting element.  The '922 patent contains no description of circumferential segments in helical segments alternating with two or more different connecting elements, as Orbus alleges exists in the accused Element stent.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '922 patent lacks written description and/or fails to enable the full scope of "a plurality of adjacent cylindrical elements connected to one another by a plurality of connecting elements" (claim 1) or "a plurality of adjacent cylindrical rings connected by a plurality of connecting elements (claims 8 and 16), as construed by Orbus.  The '922 patent only discloses a stent in which the circumferential elements or rings are connected with the same, repeating connecting element.  The '922 patent contains no description of a stent in which the cylindrical elements or rings are connected by two or more different connecting elements, as Orbus alleges exists in the accused Element stent.

Claims 7, 14, and 20 are invalid under 35 U.S.C. § 112 as indefinite because the language "endzone" fails to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

Claims 5, 12, and 19, are invalid under 35 U.S.C. § 112 as indefinite because the language "circumferentially offset" and/or "circumferentially staggered" fails to particularly point out and distinctly claim the subject matter which the applicants regard as their invention. These claims are also invalid because the '922 patent provides no written description and/or enablement of these claim terms.

E.     The '852 Patent

BSC incorporates by reference as if expressly set forth herein the discussions in Exhibit J regarding priority and/or the disclosure of the '852 patent.

The asserted claims are invalid under 35 U.S.C. § 112 as indefinite because the language "helical segments" fails to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '852 patent lacks written description and/or fails to enable the full scope of the "connecting elements" or "connecting segments" claim term, as construed by Orbus.  The '852 patent provides no description of interconnectors of the kind found in the accused Element stent.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '852 patent lacks written description and/or fails to enable a stent in which "first helical segments" consist of or include "first circumferential segments" and "second helical segments" consist of or include "second circumferential segments."  The '852 patent only describes first helical segments being composed of or including second circumferential segments and second helical segments being composed of or including first circumferential segments.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '852 patent lacks written description and/or fails to enable the full scope of the "first circumferential segments" and "second circumferential segments" claim terms, as construed by Orbus.  The '852 patent provides no description of the structures alleged to be first and second circumferential segments in the accused Element stent.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '852 patent lacks written description and/or fails to enable the full scope of "first circumferential segments …having five linear struts (or segments)" and "second circumferential segments …having three linear struts (or segments)," as those terms are construed by Orbus.  The '852 patent only discloses a stent in which the first circumferential segments contain exactly five linear struts or segments and the second circumferential segments contain exactly three linear struts or segments.

The asserted claims are invalid under 35 U.S.C. § 112 because the specification of the '852 patent lacks written description and/or fails to enable the full scope of "alternating with a

plurality of connecting elements," as construed by Orbus.  The '852 patent only discloses a stent in which the circumferential segments in helical segments alternate with the same, repeating connecting element.  The '852 patent contains no description of circumferential segments in helical segments alternating with two or more different connecting elements, as Orbus alleges exists in the accused Element stent.

Claims 9 and 17 are invalid under 35 U.S.C. § 112 as indefinite because the language "endzone" fails to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

Claims 4 and 15 are invalid under 35 U.S.C. § 112 as indefinite because the language "circumferentially offset" fails to particularly point out and distinctly claim the subject matter which the applicants regard as their invention.  These claims are also invalid because the '852 patent provides no written description and/or enablement of these claim terms.


Dated: November 30, 2011                        Respectfully submitted,

                                                **BOSTON SCIENTIFIC CORPORATION,**

                                                By its attorneys,


                                                /s/ Lawrence T. Stanley, Jr.
                                                Scott T. Bluni, BBO # 660187
                                                Joshua M. Dalton, BBO # 636402
                                                Lawrence T. Stanley, Jr., BBO #657381
                                                **BINGHAM MCCUTCHEN LLP**
                                                One Federal Street
                                                Boston, MA  02110
                                                Tel:  (617) 951-8000
                                                Fax:  (617) 951-8736
                                                scott.bluni@bingham.com
                                                joshua.dalton@bingham.com
                                                lawrence.stanley@bingham.com

                                                *Of Counsel*

                                                Edward Han, *Pro Hac Vice*
                                                Matthew M. Wolf, *Pro Hac Vice*
                                                Marc Cohn, *Pro Hac Vice*

**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004
Phone: (202) 942-5000
Fax: (202) 942-5999


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to any non-registered participants on November 30, 2011.


/s/ Lawrence T. Stanley, Jr.
Lawrence T. Stanley, Jr.